of recently stolen property, his bare explanation that he had purchased the property from a peddler is not sufficient to authorize a peremptory instruction for acquittal, but the case should be submitted to the jury.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. § 110; Dec. Dig. § 45.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

M. Johnson was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary of a private residence; his punishment being assessed at five years' confinement in the penitentiary. The state's case was one of circumstantial evidence. The house was entered, and among other things taken was a watch of the alleged owner, which was found in possession of appellant shortly afterwards. His theory of the case was he made the purchase of the watch from a jewelry peddler. The jury evidently did not believe his testimony, and as presented in the record they were justified in their conclusion. The issues of the case were appropriately submitted. Appellant relies mainly upon two propositions: First, the evidence is not sufficient; and, second, the court erred in not peremptorily instructing the jury to acquit upon his theory of purchase. We are of opinion neither contention can be justly sustained. The evidence justified the jury in their conclusion, and the court did not err in refusing to peremptorily instruct the jury to return a verdict of not guilty. His theory was submitted to the jury, and they found against him.

Finding no reversible error in the record, the judgment is ordered to be affirmed.

---

SIMON v. STATE.

(Court of Criminal Appeals of Texas. June 11, 1913.)

CRIMINAL LAW (§ 1090*) — QUESTIONS REVIEWABLE—STATEMENT OF FACTS—BILL OF EXCEPTIONS.

In the absence of a statement of facts or bill of exceptions, questions raised by a motion for new trial cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Max Simon was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted of burglary under a proper indictment and charge. There is no statement of facts or bill of exception. No question is raised by the motion for new trial which we can consider in the absence of a statement of facts and bill of exception.

The judgment is affirmed.

---

OAKERY v. STATE.

(Court of Criminal Appeals of Texas. June 11, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—RECORD AND STATEMENT OF FACTS—NECESSITY.

Where no bills of exception were reserved to the introduction of testimony, and the charge submitted the offense charged in the indictment, the judgment would be affirmed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Titus County; H. F. O'Neal, Judge.

Melvin Oakery was convicted of assault to murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of assault to murder, and his punishment assessed at two years' confinement in the state penitentiary.

No statement of facts accompanies the record, and no bills of exception were reserved to the introduction of testimony. The charge of the court submits the offense charged in the indictment, and under such circumstances the judgment will be affirmed.